UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, *et al.*,

        Plaintiffs,

    -against-

CHINATOWN CARTING CORP., *et al.*,

        Defendants.
-----------------------------------------------------------------X

ORDER

06-CV-5967 (NGG) (KAM)

NICHOLAS G. GARAUFIS, U.S. District Judge.

Plaintiffs have filed a motion for summary judgment against *pro se* Defendants Wayne

Tragni and Nicholas Tragni pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket

Entry # 20.) Because Plaintiffs' motion was not accompanied by a Rule 56.2 Statement as

required by the Local Rules of this court, Plaintiffs' motion is denied without prejudice to re-file

the motion in accordance with the Local Rules.

Summary judgment should be granted when "there is no genuine issue as to any material

fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);

see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of

establishing the absence of a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 256 (1986). Once the moving party demonstrates that no material facts are

genuinely in dispute and that it is entitled to judgment as a matter of law, "the non-movant must

'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia

Univ., 224 F.3d 33, 41 (2d Cir. 2000) (citing Anderson, 477 U.S. at 256); Western World Ins.

Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (quoting Fed.R.Civ.P. 56(e)).

However, under Local Rule 56.2 of the United States District Court for the Eastern District of New York: "[A]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a 'Notice To Pro Se Litigant Opposing Motion For Summary Judgment.'" The purpose of this rule is to ensure that a party acting *pro se* "understands its burden in responding to a motion for summary judgment, and the consequences of failing to do so." Hartford Life Ins. Co. v. Einhorn, 452 F. Supp. 2d 126, 129 (E.D.N.Y. 2006.) The Second Circuit has made it clear that failure to include a Rule 56.2 Statement with a motion for summary judgment is grounds for the denial of the motion if it is not otherwise clear from the record that the *pro se* litigant understood the nature of the summary judgment motion. See Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620-21 (2d Cir. 1999); M.B. # 11072-054 v. Reish, 119 F.3d 230, 232 (2d Cir. 1997).

The court has reviewed Plaintiffs' motion but finds no indication on the electronic docket or in the courtesy copies provided to the court that Plaintiffs have served the *pro se* Defendants with the required notice pursuant to Local Rule 56.2. Moreover, it is not "otherwise clear" from the record that Defendants have a clear understanding of their burden in opposing Plaintiffs' motion. See Hartford Life Ins. Co., 452 F. Supp. 2d at 132.

The court does note that Defendants Wayne Tragni and Nicholas Tragni have failed to appear for a number of court appearances before Magistrate Judge Matsumoto and myself. In a calendar entry for September 12, 2007, Magistrate Judge Matsumoto noted that "[b]ased on the record before the court, it appears that the defendants are not serious about resolving this action, despite the plaintiffs' and the court's efforts. (Minute Entry for September 12, 2007.) Most recently, on December 6, 2007, Defendants failed to appear before this court for a pre-motion

conference on the instant motion for summary judgment.  Accordingly, the court sets the

following revised motion schedule: (1) Plaintiffs shall file their motion for summary judgment in

conformity with the mandates of Local Rule 56.2 no later than April 18, 2008, and shall provide

Defendants with a copy of this Order; (2) Defendants shall serve their responsive papers upon

Plaintiffs, rather than the court, no later than May 8, 2008; (2) Plaintiffs shall file their reply, if

any, along with Defendants' response with the court by May 15, 2008.  If the *pro se* Defendants

fail to file a response, having been properly placed on notice pursuant to Local Rule 56.2

regarding their burdens on summary judgment, the court will deem them to be in default and will

decide Plaintiff's motion on submission.


SO ORDERED.

Dated: March 28, 2008                              /s Nicholas G. Garaufis
      Brooklyn, N.Y.                          NICHOLAS G. GARAUFIS
                                           United States District Judge