D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, THE LOCAL
813 I.B.T PENSION TRUST FUND, AND
THE LOCAL 813 AND LOCAL 1034
SEVERANCE TRUST FUND,

       Plaintiffs,

 -against-

CHINATOWN CARTING CORP., WAYNE
TRAGNI and NICHOLAS TRAGNI, as
Guarantors,

       Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

1:06-cv-05967 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

 Trustees of the Local 813 I.B.T. Insurance Trust Fund, Trustees of the Local 813 I.B.T. Pension Trust Fund, and Trustees of the Local 813 and Local 1034 Severance Trust Fund ("Trustees" or "Plaintiffs") bring this action to enforce a settlement agreement dated December 17, 2004 (the "Agreement") among Plaintiffs and Chinatown Carting Corporation, Wayne Tragni, and Nicholas Tragni (collectively, "Defendants"). (Docket Entry #1, Compl. ¶ 1.) Plaintiffs have moved for summary judgment. For the reasons set forth below, Plaintiffs' motion is GRANTED as to Defendants Wayne and Nicholas Tragni. In lieu of summary judgment, the court directs the Clerk to issue an entry of default against Chinatown Carting Corporation.

 I. Background

 The parties entered into the Agreement in order to settle three cases then pending in the Eastern District of New York. (Compl. ¶ 2.) Plaintiff had sought collection of two arbitration awards related to funds due under a collective bargaining agreement ("CBA") and back pay for

1

one employee, as well as a money judgment for additional funds allegedly owed under the CBA. (Docket Entry #1, Agreement p. 1.) Pursuant to the Agreement, Chinatown Carting Corp. ("Chinatown Carting") agreed to pay Plaintiffs $160,000, beginning with an initial payment of $35,000 to be followed by 41 monthly payments of $3,000 and one final payment of $2,000. (Compl. ¶ 3; Agreement ¶¶ 1-2; Docket Entry #22, Rule 56.1 Statement ¶ 1.) Defendants Wayne and Nicholas Tragni, respectively the President and Treasurer of Chinatown Carting, personally guaranteed the payments as part of the Agreement. (Compl. ¶¶ 1, 9; Agreement ¶ 8; Agreement, Exs. D & E (the "Personal Guarantees"); Rule 56.1 Statement ¶ 2.) Chinatown Carting made the requisite payments through June 13, 2006 and then defaulted. (Compl. ¶ 4; Rule 56.1 Statement ¶ 3; see also Docket Entry # 22, Affidavit of Michael Spiatto ("Spiatto Aff.") ¶ 4 (identifying June 13, 2006 as the date of the last payment)). Plaintiffs sent a default notice but received no response. (Compl. ¶ 5; Spiatto Aff. ¶ 4.) Plaintiffs claim that at the time of the default, the balance due under the Agreement was $74,000. (Compl. ¶ 6; Rule 56.1 Statement ¶ 1; Spiatto Aff. ¶ 5.)

Plaintiffs instituted this action in order to enforce the Agreement and collect the outstanding balance of $74,000 from the Defendants. They also seek interest from July 10, 2006 forward and attorney's fees and costs. (Docket Entry # 22, Hirschler Aff. in Support of Motion for Summary Judgment ("First Hirschler Aff.") ¶ 8.) Defendant Chinatown Carting has neglected to answer the Complaint, never filed an appearance in this action, and is "no longer in business or licensed to do business." (Minute Entry, Apr. 19, 2007.) Defendants Wayne and Nicholas Tragni have each filed answers and appeared sporadically, but neither has opposed this Motion. (Docket Entries #6 & 7.)

## II. The Court's Jurisdiction

As a threshold issue, the court notes that the Agreement contains an arbitration clause, stating: "Any dispute with respect to the parties' performance of their respective obligations under this Settlement Agreement shall be resolved by arbitration before the American Arbitration Association in New York, New York" (the "Arbitration Clause"). (Agreement ¶ 9.) Arbitration is generally favored where available, and the Supreme Court has held that "[a]ny doubts concerning the scope of arbitration issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense of arbitrabililty." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Under the Federal Arbitration Act, a federal court must stay proceedings "on application of one of the parties" where issues in that proceeding are "referable to arbitration under an agreement in writing for such arbitration." See 9 U.S.C. § 3 (2005). No party has invoked its rights under the Arbitration Clause.

To resolve any doubts as to the court's jurisdiction, the court issued an interim order asking Plaintiffs to show cause why the Arbitration Clause does not compel them to pursue their remedy through arbitration before proceeding in this court. (Docket # 24, Order dated November 5, 2008.) Plaintiffs then submitted the Attorney Affirmation of Arthur A. Hirschler ("Second Hirschler Aff.") in response. (See Docket Entry #25.) Hirschler averred that at a March 27, 2007 conference before then-Magistrate Judge Kiyo A. Matsumoto, Judge Matsumoto informed defendants Wayne and Nicholas Tragni (the "Tragnis") that they may have a right to compel arbitration. (Second Hirschler Aff. at ¶ 2.) The parties discussed the interpretation of the Arbitration Clause as to the Tragnis, given a potentially conflicting paragraph in their personal guarantees providing: "I hereby waive any right to object to the forum selected by Local to bring

3

an action to remedy any breach of the Agreement." (Id.; Personal Guarantees ¶ 4.) According to Hirschler, this potential interpretative issue was never confronted because the Tragnis agreed to proceed in the District Court. (Id.)

The court finds that it retains jurisdiction over the instant motion for three reasons. First, no party has raised the Arbitration Clause as a defense. The Federal Arbitration Act only obligates the court to stay proceedings upon "application of one of the parties." 9 U.S.C. § 3. Second, as a matter of interpretation, the Arbitration Clause does not control the rights of the relevant parties remaining in this suit. The Arbitration Clause appears in the Agreement between Plaintiffs and Chinatown Carting. Given that Chinatown Carting is allegedly no longer in existence and has effectively defaulted in this action, see infra p. 5, little purpose would be served by this court's refusal to adjudicate the dispute in favor of forcing Plaintiffs to arbitrate against a nonexistent entity. Essentially, the central issue in this litigation is the enforcement of the Personal Guarantees executed by the Tragnis. Plaintiffs correctly note that the Tragnis each "waive any right to object to the forum selected by Local to bring an action to remedy any breach of the Agreement" in the Personal Guarantees. (Personal Guarantees ¶ 4.) As a result, the right to compel arbitration belongs to Chinatown Carting, and the Tragnis explicitly waived any right to dispute Plaintiffs' chosen forum in the event of a breach triggering their personal guarantee obligations.

Lastly, to the extent the Arbitration Clause could be enforced by the Tragnis in their personal capacities, they have waived any such rights. A party may waive its right to arbitrate if it "engages in protracted litigation that results in prejudice to the opposing party." Cotton v. Slone, 4 F.3d 176, 179 (2d Cir. 1993). "[A] waiver of arbitration 'is not to be lightly inferred,'" given the law's "strong presumption in favor of arbitration." Kramer v. Hammond, 943 F.2d

4

176, 179 (2d Cir. 1991) (internal citations omitted). This simple action to enforce the Agreement – itself, a compromise to resolve three prior lawsuits that sought to enforce the Plaintiffs' underlying legal rights – has been pending for over two years. Judge Matsumoto repeatedly engaged the parties in efforts to settle this case, but ultimately determined that, "based on the record before the court, it appears that the defendants are not serious about resolving this action, despite the plaintiffs' and the court's efforts." (Minute Entry, Sept. 12, 2007.) In fact, a verbal agreement between the parties to settle the case for $37,000 was reached, but then disintegrated because the Tragnis failed to return a signed stipulation of settlement to the Plaintiffs. (Second Hirschler Aff. at ¶ 4.) Plaintiffs aver that "Wayne and Nicholas Tragni have failed to appear in this action since September, 2007 and, upon information and belief, are no longer living at the addresses provided by them to the Court." (Id. at ¶ 5.) Compelling arbitration at this stage would be highly prejudicial to the Plaintiffs, who have already invested considerable time and resources in the pursuit of their rights against evasive defendants, and could serve no practical purpose. See Kramer, 943 F.2d at 179 (waiver of arbitration rights inferred where a party "delays invoking arbitration rights while the adversary incurs unnecessary delay or expense"). For these reasons, the Arbitration Clause does not bar the exercise of this court's jurisdiction.

III.  Chinatown Carting's Failure to Appear

Chinatown Carting has not filed an answer nor has it appeared in this action; accordingly, the court directs the Clerk to enter a default against it.[1]  See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the

---

[1] The Tragnis appeared in this action in their personal capacities, but also served as the principals of Chinatown Carting. Tragnis have not purported to represent the company and its legal interests, and in fact cannot do so. See, e.g., Minute Entry, Jun. 6, 2007 (stating that "Chinatown Carting did not appear" though the Tragnis were each present to represent themselves pro se)); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) (noting it is well-settled that "a layperson may not represent a corporation").

5

clerk shall enter the party's default."). Although Plaintiff has moved only for summary judgment, "[t]his Court's inherent power to manage its caseload . . . provides the authority to <u>sua sponte</u> enter a default judgment against a litigant who has failed to prosecute [its] case with reasonable diligence and who has not complied with the Court's rules of procedure." <u>Singh v. Jackson</u>, No. 86-CV-2668 (MJL), 1986 WL 12514, at *1 (S.D.N.Y. Oct. 31, 1986); <u>see also</u> <u>Singapore Tong Teik PTE Ltd. v. Coppola</u>, No. 04-CV-3440 (FB)(RLM), 2007 WL 2375796, at *4 (E.D.N.Y. Aug. 17, 2007).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. <u>See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992). Prior to entering a default judgment, the court may require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action. <u>See Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981). Given the clarity of Plaintiffs' allegations and the documentary evidence, a hearing is not necessary to assess damages and issue a default judgment. In any event, the practical effect of a default judgment against Chinatown Carting, an allegedly defunct entity, is to trigger the personal guarantee obligations of the Tragnis. The court reviews the validity of the cause of action and the award of damages below, in the context of the summary judgment motion against the Tragnis.

IV.   Summary Judgment

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." <u>Vermont Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 242 (2d Cir. 2004). The moving party still must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see Celotex</u>

Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).

Plaintiffs maintain this action pursuant to 29 U.S.C. § 1132, a provision of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq., which authorizes a fiduciary to bring a civil action to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3); Compl. ¶ 11. Plaintiffs are fiduciaries within the meaning of Sections 3(21), 502(a)(3) and 502(g) of ERISA, 29 U.S.C. §§ 1002(21), 1132(a)(3) and 1132(a)(g). (Compl. ¶ 10.) Plaintiffs are also trustees of employee benefit plans within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1132(d)(1), and multi-employer benefit plans within the meaning of §§ 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. (Compl. ¶ 11.)

This action simply seeks enforcement of the Agreement and its accompanying Personal Guarantees. Plaintiffs have put forth clear and undisputed evidence that they are owed an additional $74,000 under the Agreement following Chinatown Carting's default. (Spiatto Aff. at ¶ 5; Agreement ¶¶ 1-2.) Nicholas Tragni admits in his Answer that Chinatown Carting defaulted following June 10, 2006, and that $74,000 is the correct amount remaining due under the Agreement. (Docket Entry # 6, Answer of Nicholas Tragni ¶¶ 4, 6.) He further admits that Chinatown Carting "breached" the Agreement, and that he executed a personal guarantee of the settlement amount on December 22, 2004. (Id. at ¶¶ 14, 18, 22.) Wayne Tragni's flat denials of these facts are not supported by any documentation or other evidence in the ample record. (See Docket Entry # 7, Answer of Wayne Tragni ¶¶ 6, 14, 18, 22.)

7

The court has reviewed the Agreement and the Personal Guarantees and finds their provisions unambiguously support Plaintiffs' claims. When parties to a contract have "set down their agreement in a clear, complete document," the parties are entitled to rely on the express terms of the writing. See, e.g., Vermont Teddy Bear Co. v. 538 Madison Realty Co., 1 N.Y.3d 470, 475 (N.Y. 2004). Under the terms of the Personal Guarantees, the Tragnis each pledged "I do hereby personally guarantee the performance of Chinatown's obligations" under the Agreement and specified that "[i]n the event Chinatown fails to make any payment called for under the Agreement, I promise to make all such payments to Local 813 in the same manner as if I were Chinatown." (Personal Guarantees ¶¶ 2-3.) The Personal Guarantees continue: "In the event that legal action is necessary to remedy a breach, I agree to pay all reasonable fees and costs expended by Local 813 to bring such action." (Id. at ¶ 4.) Wayne and Nicholas Tragni each executed a Personal Guarantee containing these terms on December 22, 2004. (Id.) There is no dispute that the Agreement and the Personal Guarantees are valid and enforceable. The Tragnis have not set forth any defense, nor have they disputed the applicable law or presented a genuine issue of material fact.

The court awards summary judgment in favor of the Plaintiffs. The court finds that Chinatown breached the Agreement and that pursuant to the Personal Guarantees, the Tragnis are jointly and severally liable, along with Chinatown Carting, for the $74,000 remaining due under the Agreement, together with interest, reasonable attorney's fees, and costs.

Plaintiffs submit a request documenting $5,000.00 in attorney's fees, for the services of Arthur A. Hirschler, an attorney associated with Finkel, Goldstein, Rosenbloom & Nash. (Docket Entry #22, Affirmation in Support of Reasonable Attorney's Fees ("Fee Aff.").) Hirschler's services totaled 20.7 hours of legal work, covering the drafting and filing of the

Complaint, numerous court appearances before Judge Matsumoto, attempts to reach settlement, and ultimately the filing this motion for summary judgment, as well as $350.00 in costs. (See Fee Aff., Time Run (calculating time to be 20.2 hours due to minor error).) Using Hirschler's hourly rate of $250, the total attorney's fee is $5,175. (Fee Aff. ¶ 3.) The court finds Hirschler's hourly rate and the times accorded to each activity to be reasonable, sufficiently supported by evidence, and in accordance with the "prevailing market rates in the relevant community." Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1057-59 (2d Cir. 1989).

Plaintiffs also seek interest at a rate of 9% per annum on the $74,000 award, totaling $11,550 as of April 10, 2008. (Second Hirschler Aff. ¶ 8.) It is within the discretion of the district court to evaluate whether to award prejudgment interest, and if so, to determine an appropriate rate. Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 139 (2d Cir. 2000) (applying this discretion to suits seeking the enforcement of rights under ERISA). In deciding whether to award prejudgment interest, the following factors should be considered: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, 955 F.2d 831, 834 (2d Cir. 1992). The court finds that given the Defendants' flagrant defiance of their contractual obligations to Plaintiffs, an award of prejudgment interest is appropriate to fully compensate Plaintiffs for the delay in receiving the funds and the opportunity cost of investing the funds. The Defendants have presented no reason to believe there was a good faith dispute over their payment obligations during the pendency of this litigation.

Under New York law, prejudgment interest accrues at 9% per year until the entry of a final judgment. N.Y. C.P.L.R. §§ 5001, 5004. However, Plaintiffs have not submitted any support for the application of a 9% interest rate in this case. The court directs Plaintiffs to respond within ten (10) business days, explaining why an interest rate of 9% would adequately compensate Plaintiffs. See Jones, 223 F.3d at 140 (requiring analysis of the purpose served by a chosen interest rate in light of plaintiff's circumstances). Defendants' response, if any, will be due within five (5) business days later.

V. Conclusion

The court awards Plaintiffs default judgment against Defendant Chinatown Carting and summary judgment against Defendants Nicholas and Wayne Tragni, reasonable attorney's fees in the amount of $5,175 and $350 in costs. Pre- and post-judgment interest will be awarded at a rate to be determined by the court on application by the parties.

SO ORDERED.

Dated: Brooklyn, New York
December 3, 2008

NICHOLAS G. GARAUFIS
United States District Judge